# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBIN CRABTREE,** <br> 3490 Millsboro Road West <br> Mansfield, Ohio 44903, <br><br> Plaintiff, <br><br> vs. <br><br> **RICHLAND COUNTY,** <br> c/o Bambi Couch Page, Prosecutor <br> 38 South Park Street <br> Mansfield, Ohio 44902, <br><br> and <br><br> **RICHLAND COUNTY BOARD OF** <br> **COUNTY COMMISSIONERS,** <br> c/o Timothy Wert, President Commissioner <br> 50 Park Avenue East <br> Mansfield, Ohio 44902, <br><br> and <br><br> **DAVID DUANE JORDAN,** <br> 35 West Smiley Avenue <br> Shelby, Ohio 44875-1004, <br> In his individual and official capacity, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br> **Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Fed. R. Civ. P. 38.** |

## INTRODUCTION

1. Plaintiff Robin Crabtree ("Ms. Crabtree") is an Ohio citizen.

2. Defendant Richland County is and was a political subdivision located in the State of Ohio.

3. Defendant Richland County Board of County Commissioners is the board elected for Defendant Richland County in the State of Ohio, and is required by Ohio law to appoint or

employ a dog warden and such deputies as are necessary to enforce relevant sections of the Ohio law.

4. Defendant David Duane Jordan is a resident and citizen of the State of Ohio, who is sued herein in his individual and his official capacity.

5. Ms. Crabtree is a "person" and an "employee" as defined and used in the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* (the "ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), and Chapter 4112 of the Ohio Revised Code ("Chapter 4112").

6. Defendants Richland County and the Richland County Board of County Commissioners are "persons," "employers" and "covered entities," as defined and used in the ADA, Title VII, and Chapter 4112.

7. Defendant David Jordan is a "person" and an "employer" within the meaning of Chapter 4112.

8. This suit is authorized and instituted pursuant to the ADA, Title VII, and Chapter 4112.  Jurisdiction is conferred by 28 U.S.C. § 1331, based on federal questions presented under the ADA and Title VII.

9. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims under 28 U.S.C. § 1367, as the claims derive from the same nucleus of operative facts as Plaintiff's federal claims.

10. Ms. Crabtree has satisfied all administrative preconditions for filing suit under the ADA and Title VII and has a valid right to sue notice issued from the Equal Employment Opportunity Commission.  This case is timely brought.

11. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial portion of the events giving rise to the claims below arose in this judicial district.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12. Ms. Crabtree incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

13. Ms. Crabtree is a veteran of the United States Air Force, and was injured during her military service in Kuwait.

14. Ms. Crabtree is a female and the mother of three children ages 2, 4 and 15.

15. Ms. Crabtree suffers from one or more physical impairments, including but not limited to cervical degenerative disc disease with limited motion due to pain, myofascial pain syndrome, lumbar spinal stenosis and lumbar facet anthropathy with sciatica and bilateral pattelofemoral pain syndrome with chondromalacia, and migraines, which substantially limit one or more of her major life activities including lifting and bending, and the major bodily function of the musculoskeletal system.

16. On or about July 16, 2015, Ms. Crabtree began employment as a Deputy Dog Warden for County Defendants Richland County and the Richland County Board of County Commissioners.

17. Defendant David Jordan was at all times relevant to the Complaint the Dog Warden for Richland County and a decision-maker in regard to Ms. Crabtree's employment.

18. At all times relevant to the Complaint, Ms. Crabtree was qualified for the position(s) in which she was employed and for the position(s) for which she applied, was considered or was eligible.

19. At all times relevant to the Complaint, Ms. Crabtree was able to perform and did successfully perform the duties and responsibilities of the position(s) she held.

20. During her employment, Ms. Crabtree notified Defendants that she suffered from serious health conditions and disabilities.

21. Ms. Crabtree has a record of physical impairment(s) that substantially limit major life activities.

22. Defendants regarded Ms. Crabtree as disabled.

23. During her employment, including in or about early August 2015, Ms. Crabtree requested and/or was perceived as requesting reasonable accommodations from Defendants.

24. The reasonable accommodations requested and/or perceived to have been requested by Ms. Crabtree would not have created an undue hardship for Defendants.

25. Defendants refused to and did not engage in the interactive process with Ms. Crabtree.

26. Defendants refused to and did not provide reasonable accommodations to Ms. Crabtree.

27. Defendants terminated Ms. Crabtree's employment on or about August 13, 2015, on the basis of her disability and/or the disability Defendants regarded her as having.

28. Defendants terminated Ms. Crabtree's employment on or about August 13, 2015, because she had requested reasonable accommodations and/or they perceived that she had requested reasonable accommodations of her disability.

29. During the conversation on August 13, 2015, where Ms. Crabtree was terminated by Defendants ("the Termination Conversation"), Defendant Jordan said that he knew that Ms. Crabtree had a disability and a record of that disability.

30. During the Termination Conversation, Defendant Jordan stated that Ms. Crabtree could not work because of her disability.

31. During the Termination Conversation, Defendant Jordan stated that Ms. Crabtree's back would give out and she would miss work.

32. During the Termination Conversation, Defendant Jordan stated that he was looking out for the best interests of the department by terminating her since she would miss work when her back went out.

33. During the Termination Conversation, Defendant Jordan stated that he gave Ms. Crabtree nothing but high marks for her job performance.

34. During the Termination Conversation, Ms. Crabtree stated that she could perform her job with or without a reasonable accommodation.

35. During the Termination Conversation, Ms. Crabtree attempted to engage in the interactive process, and Defendant Jordan refused to engage in the interactive process and refused to reasonably accommodate Ms. Crabtree's disability and/or perceived disability.

36. Defendant Jordan stated in writing on August 13, 2015, "It is apparent that due to Robins [sic] past back injury and current back pain that this job of Deputy Dog Warden will be more physically demanding than what her back can handle."

### FIRST AND SECOND CAUSES OF ACTION
**(Disability Discrimination and Refusal to Accommodate in Violation of the ADA and Chapter 4112)**

37. Ms. Crabtree incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

38. At all times relevant hereto, Ms. Crabtree was qualified for the position in which she was employed by Defendants.

39. During the course of her employment, Ms. Crabtree suffered from one or more serious health conditions and was disabled within the meaning of the ADA and Chapter 4112.

40. Ms. Crabtree has a record of disability.

41. Defendants knew of Ms. Crabtree's disability.

42. Ms. Crabtree was regarded by Defendants as disabled within the meaning of the ADA and Chapter 4112.

43. Defendants discriminated against Ms. Crabtree on the basis of her disability and/or perceived disability by failing to engage in an interactive process, and failing to provide reasonable accommodation.

44. Defendants terminated Ms. Crabtree's employment on or about August 13, 2015, because of her disability or perceived disability.

45. Defendants replaced Ms. Crabtree with an individual with no known disabilities.

46. At the time of Ms. Crabtree's termination, she was able to perform her duties and could safely and substantially perform the essential functions of her job with or without reasonable accommodations, and otherwise met the established requirements of her position and duties.

47. Defendants failed to consider Ms. Crabtree for reinstatement to her former position or other positions for which she was qualified because of her disability and/or perceived disabilities.

48. Defendants discriminated against Ms. Crabtree on the basis of disability and/or perceived disability with respect to the terms, conditions and privileges of employment, including, but not limited to terminating her from her position and refusing to transfer, recall, or

6

rehire her to her former position or to other open positions for which she was qualified, in violation of the ADA and Sections 4112.02 and 4112.99 of Chapter 4112.

49. As a direct and proximate result of Defendants' unlawful conduct, Ms. Crabtree suffered and will continue to suffer economic and non-economic damages, including but not limited to back pay, front pay, past and future economic and non-economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment, and is entitled to reinstatement with seniority and fringe benefits.

50. Defendants' discriminatory actions against Ms. Crabtree were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, attorneys' fees, and costs, pursuant to the ADA and Section 4112.99 of the Ohio Revised Code.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA and Chapter 4112)

51. Ms. Crabtree incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

52. Ms. Crabtree requested reasonable accommodations under the ADA and Chapter 4112 or was regarded as requesting reasonable accommodations under the ADA and Chapter 4112.

53. Defendants were aware of Ms. Crabtree's requests for reasonable accommodations or regarded her as having made requests for reasonable accommodations.

54. Defendants terminated Ms. Crabtree in retaliation for her requests or perceived requests for reasonable accommodations, in violation of the ADA and Sections 4112.02 and 4112.99 of the Ohio Revised Code.

7

55. As a direct and proximate result of Defendants' unlawful conduct, Ms. Crabtree suffered and will continue to suffer economic and non-economic damages, including but not limited to back pay, front pay, past and future economic and non-economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment, and is entitled to reinstatement with seniority and fringe benefits.

56. Defendants' discriminatory actions against Ms. Crabtree were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, attorneys' fees, and costs, pursuant to the ADA and Section 4112.99 of the Ohio Revised Code.

## FOURTH CAUSE OF ACTION
### (Sex Discrimination in Violation of Title VII and Chapter 4112)

57. Ms. Crabtree incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

58. Ms. Crabtree is the mother of three young children and informed Defendants of that fact.

59. During the Termination Conversation, Defendant Jordan told Ms. Crabtree that he was concerned that she had young children and would be unable to care for her children if she injured her back while working.

60. Defendants treated Ms. Crabtree differently and adversely compared to males, including with respect to the terms, conditions and privileges of her employment.

61. Defendants treated Ms. Crabtree differently and adversely compared to males suffering from or regarded as having disabilities.

62. Defendants terminated Ms. Crabtree's employment on or about August 13, 2015, because of her sex.

63. Defendants replaced Ms. Crabtree with a male.

64. Defendants discriminated against Ms. Crabtree because of her sex respect to the terms, conditions, and privileges of her employment, including but not limited to refusing to accommodate her disability, terminating her employment, and refusing to transfer, recall, or rehire her to open positions for which she was qualified.

65. Defendants' termination of Ms. Crabtree's employment and other discrimination against Ms. Crabtree violated Title VII, and Sections 4112.02 and Section 4112.99 of the Ohio Revised Code.

66. As a direct and proximate result of Defendants' unlawful conduct, Ms. Crabtree suffered and will continue to suffer economic and non-economic damages, including but not limited to back pay, front pay, past and future economic and non-economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment, and is entitled to reinstatement with fringe benefits and seniority.

67. Defendants' conduct in terminating Ms. Crabtree's employment was willful, wanton, reckless and/or malicious, and renders Defendants liable for compensatory damages, punitive damages and attorneys' fees pursuant to Title VII and Section 4112.99 of the Ohio Revised Code.

**FIFTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of O.R.C. §4112.02(J))**

68. Ms. Crabtree incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

69. Defendants actively aided, abetted, incited, compelled and/or coerced the unlawful discriminatory acts under Chapter 4112.02 of the Ohio Revised Code set forth in this Complaint, including but not limited to the refusal to engage in the interactive process, the

9

refusal to provide reasonable accommodations, the termination of Ms. Crabtree based upon her disability or perceived disability, the retaliation against Ms. Crabtree for requesting reasonable accommodations or based upon the perception that she was requesting reasonable accommodations, and the discriminatory termination of Ms. Crabtree based upon her sex.

70. Defendants directly and/or indirectly committed acts declared by Chapter 4112.02 of the Ohio Revised Code to be unlawful discriminatory practices, including but not limited to the refusal to engage in the interactive process, the refusal to provide reasonable accommodations, the termination of Ms. Crabtree based upon her disability or perceived disability, the retaliation against Ms. Crabtree for requesting reasonable accommodations or based upon the perception that she was requesting reasonable accommodations, and the discriminatory termination of Ms. Crabtree based upon her sex.

71. As a direct and proximate result of Defendants' unlawful conduct, Ms. Crabtree suffered and will continue to suffer economic and non-economic damages, including but not limited to back pay, front pay, past and future economic and non-economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

72. Defendants' unlawful conduct was willful, wanton, reckless and/or malicious, and renders Defendants liable for compensatory damages, punitive damages and attorneys' fees pursuant to Section 4112.99 of the Ohio Revised Code.

### PRAYER FOR RELIEF

Ms. Crabtree seeks judgment against Defendants in an amount in excess of $75,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, front pay, back pay, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, and all reasonable attorneys'

fees, costs and expenses, and any additional legal or equitable relief available under law, including but not limited to back pay, future losses, reinstatement and promotion.

                                        Respectfully submitted,

                                        */s/ Elizabeth A. Rader*
                                        ELIZABETH A. RADER (0038756)
                                        brader@tpgfirm.com
                                        CHRISTOPHER P. THORMAN (0056013)
                                        cthorman@tpgfirm.com

                                        THORMAN PETROV GROUP CO., LPA
                                        3100 Terminal Tower
                                        50 Public Square
                                        Cleveland, Ohio 44113
                                        Tel. (216) 621-3500
                                        Fax (216) 621-3422

                                        *Attorneys for Plaintiff Robin Crabtree*